IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 APR 26  A 10: 17

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CEDRIC HOWARD,                )
         Petitioner,          )
                              )
                              )
v.                            )      CASE NO. 97-CR-00210-003
                              )         2:07-CV-354-WHA
                              )
UNITED STATES OF AMERICA,     )
         Respondent.          )

---

## MOTION FOR RECONSIDERATION OF SENTENCING COURT DECISION AT SENTENCING HEARING

---

COMES NOW, the Petitioner, Cedric Howard, pro se interposing Haines v. Kerner, 404 U.S. 519 (1972) respectfully submits this motion for reconsideration of sentencing court decision at sentencing hearing.

In light of the United States Supreme Court holding; (holding that courts may correct a prior decision without regard to the law of the case doctrine) pursuant to Arizona v. California, 460 U.S. 605 (1983), Castro v. United States, 540 U.S. 375 (2003): see also United States v. Todd, 920 F.2d 399 (6th Cir. 1990).

The Petitioner, Cedric Howard submmits that he believes the sentencing court would have imposed a lesser sentence had the sentencing court believed it had the authority to do so. Howard base this assertion on the statement of the court at

the sentencing hearing as follows: the court telling the government that, "I have a real problem with the quantity issue in this case" see page 515 of the sentencing transcripts. The Petitioner made an objection during trial stating that the debriefing statement of Cedric Grant would be Jencks once Mr. Grant testified.

At sentencing, the government conceds that they never had a debriefing statement from Cedric Grant, in addition the government states that the agent that was reported to have debriefed Mr. Grant was not the agent that debriefed him. See page 501 of the sentencing transcripts.

moreover, the court telling the government that ("I read it to be"). . . "A DEA quote that Agent Les Moore reported that he interviewed two individuals Grant and Knight". See page 515. Upon which the court dis-credit Mr. Knight's testimony.

The Petitioner believes that if the court believed they had the authority to do so, it would not have found it to be relevant to attribute an extra (262) grams of cocaine base to Howard sentence on behalf of Cedric Grant's testimony.

A sentence imposed under a mistaken perception of the requirements of law would satisfy plain error analysis if the sentence imposed under a correct understanding would have been materially different. It is readily apparent that a sentence imposed prior to Booker/FanFan was imposed without an understanding of sentencing law as subsequently explained by

2

the Supreme Court. See United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005).

Similarly, if a Judge were to impose a sentence at the statutory maximum and say that if he could have imposed an even longer sentence, there would be no basis for thinking that if he had known that the sentencing guideline are merely advisory he would have given the petitioner a light sentence. As in Howard case, the sentencing Judge might well have decided to impose a lighter sentence in the original sentencing hearing other than the one dictated by the guidelines had he not thought himself bound by them.

The court error in having thought it was bound by the Guidelines may have precipitated a miscarriage of justice as Mr. Howard court stated it had a serious problem with the testimony of Knight and the drug amouont in which Howard was subsquently sentenced. See United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). The court should be confident that the sentencing court would have given the same sentence. See United States v. Bonner, 440 F.3d 414 (7th Cir. 2006).

## CONCLUSION

Wherefore based on all the above and pursuant to Alabama v. Means, 209 F.3d 1241 (11th Cir. 2000) the Petitioner respectfully prays that the Honorable Court liberally construe Howard request for reconsideration according to any remedy that affords the Petitioner relief.

3

Dated: This _18_ day of
April, 2007

Respectfully Submitted,

_Cedric Howard_

Cedric Howard

## CERTIFICATE OF SERVICE

I Hereby Certify that true and correct copies of the said
Petition have been mailed to the following:

1.  United States District Court
    Middle District of Alabama
    Office of the Clerk
    P.O. Box 711
    Montgomery, Alabama 36101-0711

2.  United States Court of Appeals
    Eleventh Judicial Circuit

    ---

    Emmett Ripley Cox, Judge
    113 St. Joseph Street
    Room 433
    Mobile, ALabama 36602

3.  Office of the U.S. Attorney
    Attn: Kent B. Bruson
    P.O. Box 197
    Montgomery, AL 36101-0197

Dated; The _18_ day of _April_, 2007.

_Cedric Howard_

Cedric Howard
Reg. # 10092-002
FCC Yazoo City
P.O. Box 5000
Yazoo City, MS 39194-5000

Cedric Howard
Reg. No. 10092-002
P.O. Box 5000
Yazoo City, MS 39194

<u>LEGAL MAIL</u>



7004 2890 0001 1050 8841

United States District Court
Middle District of Alabama
Office of the Clerk
P.O. Box 711
Montgomery, AL 36101-0711



<u>LEGAL MAIL</u>

# Attachment

## Page 500

1 am on page 7.
2       The question to Cedric Grant was when did you meet
3 Miami Ced, who is the defendant. He says, in 1988 or '89.
4 Mr. Grant says that the defendant was dealing crack cocaine
5 at that time and that was the only drug that he knew him to
6 deal...
7       And I am paraphrasing a bit, Your Honor.
8       At line 15: How long Did you know Miami Ced or
9 Cedric Howard to be dealing crack cocaine in the Tulane Court
10 area? Mr. Grant answers: From 1988 to '89, whichever it
11 was, to about 1992 or '93.
12       And the next question at line 20: Have you ever
13 bought crack cocaine from Cedric Howard? Yes.
14       Line 22: When did you buy crack cocaine? In the
15 year of '88 or '89, probably. '88, '89, sometimes probably
16 in '90 when I got arrested.
17       And he then says on page 8 at line 5 that the most he
18 would buy at a time would be a couple of ounces. And on line
19 14 Mr. Grant says it would be once or twice a month, give or
20 take some, that he would buy this amount, Your Honor.
21       At the bottom of page 8 at line 23, Mr. Grant
22 testifies he sold drugs to Cedric Howard on two... at least
23 two occasions that he knew of, and that he had sold powder
24 cocaine to the defendant. And at line 6 on page 9 the amount
25 was two ounces. And he says that he sold it to the defendant

## Page 501

1 for nine hundred dollars per ounce.
2       And, Your Honor, those pages of the trial transcript
3 are where Cedric Grant talked about the drugs that he sold to
4 the defendant and the drugs that he purchased from the
5 defendant.
6       THE COURT: Okay. How does all that testimony
7 compare to the debriefing statement he made?
8       MS. WRIGHT: Your Honor, this... the United States
9 does not have a debriefing statement.
10      What happened at the trial was, Mr. Clark did make an
11 objection during the trial saying that the debriefing
12 statement would be Jencks when Cedric Grant testified, and
13 the United States' position that was it was not Jencks.
14      But the problem was that the United States just
15 didn't have a copy of it and we tried to obtain a copy of it
16 during the trial, but just weren't able to. Primarily
17 because the case... the debriefing was so long ago, it is my
18 understanding, and we couldn't find the case file and I could
19 not find it from the agent at that time, Your Honor. I have
20 not located it since the trial.
21      THE COURT: You are talking about DEA agent Les
22 Moore's report?
23      MS. WRIGHT: It was not... It is my understanding
24 it was not Agent Moore who debriefed Cedric Grant. But I'm
25 not clear at this time who it was.

## Page 502

1       THE COURT: Well, the P.S.I. says that it was, as
2 I read it. In paragraph 20 it says that Moore interviewed
3 two individuals, Grant and Knight. And then it goes on to
4 say, Cedric and Grant stated that he bought two ounces of
5 cocaine base a month from December 31, '89 to January 1, '93,
6 minus six months that Cedric Grant was in jail, from Cedric
7 Howard.
8       Are you telling me now that you don't have any such
9 report as that?
10      MS. WRIGHT: That's correct, Your Honor. My
11 understanding is that was Cedric Grant's trial testimony.
12      There clearly is a debriefing that we have and the
13 defense counsel has on Emmett Knight.
14 →    THE COURT: It sounds like a DEA quote, the way it
15 reads. I am not arguing with you. I am just saying that
16 what I read it to be.
17      MS. WRIGHT: Your Honor, with all candor I just
18 don't have a debriefing.
19      THE COURT: So, we have got the trial testimony
20 and it supports what, so far as Grant is concerned? What is
21 the bottom line?
22      MS. WRIGHT: Your Honor, I have gone through and
23 done some figures from the trial transcript. And what I did
24 in arriving at the calculation was be as conservative as
25 possibly and give defendant all the benefit of the doubt.

## Page 503

1 And I arrived at a bottom line, when converted to marijuana,
2 six thousand, eight hundred and four kilograms.
3       THE COURT: Well, don't convert it yet. How many
4 grams of crack?
5       MS. WRIGHT: 340.2 grams.
6       And, Your Honor, where I arrived at this calculation
7 was on page 7 of the trial transcript when he was asked:
8 When did you by crack from Cedric Howard? And Mr. Grant
9 says: In the year of '88 or '89; probably '88, '89;
10 sometimes in '90 when I got arrested.
11      I used, based on that, conservatively, a period of
12 twelve months. And his testimony was... Mr. Grant's
13 testimony was that the most he would buy would be a couple of
14 ounces at a time. So, going were conservatively I said we
15 will just use... the government will just use one ounce. So,
16 twelve months times one ounce is twelve ounces of crack
17 cocaine, which would be a total 340.2 grams.
18      And, Your Honor, may I add something else?
19      THE COURT: Yes.
20      MS. WRIGHT: On page 7 Cedric Grant does say... I
21 think the time period could be even greater than the one
22 year. Because on page 7 he says that he knew of the
23 defendant dealing drugs in Tulane Court from the period of
24 '88 or '89 to '92 or '93.
25      THE COURT: Okay. Well, while you are up, why

## Page 512

1. would such an outstanding citizen do such a thing?
2. You also stated that Marilyn Hulett said Mr. Howard
3. packed the trunk and gave it to her. The only fingerprints
4. that were found on anything were Marilyn's. The sheriff
5. stated that when he stopped the car he saw in clear view a
6. bag that had marijuana in it where Marilyn was sitting. He
7. didn't arrest her. Instead, he let her go back into the
8. store. As for the other witnesses, they all stated that they
9. had major suppliers, but when they didn't have any they
10. bought a whole or half ounce from Cedric Howard. This is not
11. logical. If you drink a case of beer a day, why would you go
12. to the store and buy a single beer?
13. All right. Referring to the prosecutor. You also
14. stated that the house at 105 Roses Drive was used for selling
15. drugs. There is a police station just fifty yards away.
16. Mr. Knight stated he would lie under oath if it would
17. benefit him. Mr. Grant couldn't recall anything except he
18. bought drugs from Cedric Howard. Mr. Gordon, that is a horse
19. of a different color. For example, the prosecutor asked Mr.
20. Gordon his age and did he remember the tapes he heard or seen
21. that Friday before trial. Off the record Mr. Gordon made a
22. statement that he couldn't do all the time. He did the
23. crime. Why should I have to do the time?
24. Agent Moore. He must be pretty desperate. He wants
25. one of his coworkers to lie under oath, like him, Agent

## Page 513

1. Sheeley. He made a statement at Cedric Howard's bond hearing
2. that the day Mr. Gordon went to 105 Roses Drive, he didn't
3. know if Mr. Howard was even there.
4. Where is the justice when a man that never sold or
5. possessed anything is facing all the time? You certainly
6. didn't prove it. You only mislead the jury.
7. Mr. Grant stated he bought two ounces of cocaine base
8. a month from December 31, to January the 1st through 1993,
9. minus the six months he was incarcerated. I don't know when
10. he was in jail. But I was, in February 1992 through May
11. 29th, 1992. Sentenced to six more days in the Dade County
12. Jail.
13. Emmitt Knight stated that he bought approximately one
14. half an ounce of crack cocaine from Cedric Howard. In the
15. presentence report guideline, one of them, he has December
16. the 31, 1988, through December 31, 1990. All right. I was
17. arrested November 27, 1990 in Hialeah, Florida, and was
18. released on bond November the 29th. I remained in Florida
19. until December the 28th, 1990, so I could spend the rest of
20. the holidays with my children.
21. Agent Moore said, through debriefing cooperating
22. individuals, as well as surveillance of me and my
23. codefendants that I'm a multi cocaine trafficker. I was
24. never seen or heard on audio or videotapes. The evidence at
25. trial never linked me to anything. It only mislead the

## Page 514

1. jury.
2. Pending charges: In paragraph 47 it states that the
3. Galveston County Sheriff's Department arrested me on August
4. the 6th, 1997. I was released at fourteen hundred hours and
5. continued my stay in Tallahassee, Florida, where I spent the
6. night. I left Tallahassee the next day at twelve hundred
7. hours. There is no way I could have given Marilyn Hulett
8. anything on August the 7th, 1997, at the time she stated. On
9. May the 21st, Mr. Gordon was said to have bought 22 grams of
10. powder from me. I was in Monroeville, Alabama. As Mr. Clark
11. indicated, I got a ticket in Mosses, Alabama, on the way to
12. Monroeville and when I got to Monroeville I also got another
13. warning ticket.
14. In trial you, the prosecutor, asked Mr. Hulett did
15. she know Harry Gordon. She stated yes. Then the prosecutor
16. asked Marilyn Hulett did she know Larry Gordon she stated
17. yes. They asked her how long did she know them. She said
18. twenty years. Then the prosecutor asked Marilyn Hulett did
19. she see Harry Gordon in the courtroom. She said no. He then
20. asked her if she saw Larry Gordon in the courtroom. She said
21. no. Not calling a mule a mule, but if Ms. Hulett would lie
22. about something as simple about this, why wouldn't she lie
23. about something concerning taking twenty or thirty years away
24. from her life? This case sounds like a conspiracy against
25. Cedric Howard.

## Page 515

1. I close.
2. THE COURT: Mr. Blount, is there anything further
3. you would like to say on behalf of the defendant?
4. MR. BLOUNT: Judge, I would ask that you take into
5. consideration all of the testimony and the credibility of
6. that testimony as you see it. That is all.
7. THE COURT: Okay. The Court is going to take a
8. ten-minute recess. In about five minutes I would like to
9. see the probation officer. If I may.
10. We will resume in the ten minutes.
11. (After recess)
12. THE COURT: The Court had a real problem with the
13. quantity issue in this case. I have no doubt that both
14. Knight and Grant bought cocaine as they say they did, bought
15. crack as they say they did. But the quantity presents a
16. different issue. The testimony of Emmitt Knight at trial was
17. inconsistent with what he said pretrial, both as the quantity
18. and as to volume.
19. I am not willing to credit, to any significant
20. extent, Knight's testimony as to volume. I am more
21. comfortable with the testimony of Grant as to volume.
22. I am going to find as a fact that there was a total
23. of at least 500 grams - more, no doubt, than five hundred -
24. but at least 500 grams of cocaine base, 20.9 grams of cocaine
25. in powder form, and 745.5 grams of marijuana that are

27BD, CLOSED

# U.S. District Court
## Alabama Middle District (Montgomery)
### CRIMINAL DOCKET FOR CASE #: 2:97-cr-00210-WHA-VPM-3
#### Internal Use Only

2:07-cv-354-WHA

Case title: USA v. Gordon, et al                    Date Filed: 09/24/1997

---

Assigned to: Honorable W. Harold
Albritton, III
Referred to: Honorable Vanzetta P.
McPherson

**Defendant**

**Cedric Howard** (3)                represented by **Cedric Howard**
*TERMINATED: 08/04/1998*                Reg. No. 10092-002
*also known as*                        FCC Yazoo City
James Miles                            P. O. Box 5000
                                       Yazoo City, MS 39194
                                       PRO SE

                                       **Federal Defender**
                                       Federal Defenders
                                       Middle District of Alabama
                                       201 Monroe Street, Suite 1960
                                       Montgomery, AL 36104
                                       334-834-2099
                                       Fax: 834-0353
                                       Email: ECFCMALM@fd.org
                                       *TERMINATED: 10/08/1997*
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*
                                       *Designation: Public Defender or*
                                       *Community Defender Appointment*

                                       **Edward Carter Blount, Jr.**
                                       Clark, Deen & Copeland, PC
                                       P. O. Box 2705
                                       Mobile, AL 36652-2705
                                       (334) 433-5860
                                       Fax: 433-0703
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*
                                       *Designation: Retained*

**John William Focke, II**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 1960
Montgomery, AL 36104
334-834-2099
Fax: 834-0353
*TERMINATED: 10/08/1997*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Robert F. Clark**
Clark, Deen & Copeland, PC
P. O. Box 2705
Mobile, AL 36652-2705
(334) 433-5860
Fax: 433-0703
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846-CONSP TO DIST CONT SUBST - COCAINE HYDROCHLORIDE & COCAINE BASE - NLT 10Y; NMT L; B; NMT $4,000,000 (*); NLT 5Y SUP REL; VWPA; G-LINES; $100 SA (1) | 264 MOS IMPR; 5 YRS SUP REL ON CTS. 1 AND 6; 4 YRS SUP REL ON CT. 4 ; $100 SA ON EA CT. |
| 21:841(a)(1) - KNOWINGLY DIST COCAINE BASE - NLT 5Y; NMT 40Y; NMT $2,000,000(*); B; NLT 4Y SUP REL; VWPA; G-LINES; $100 SA (4) | 264 MOS IMPR; 5 YRS SUP REL ON CTS. 1 AND 6; 4 YRS SUP REL ON CT. 4 ; $100 SA ON EA CT. |
| 21:841(a)(1) - KNOWINGLY POSS W/INTENT TO DIST COCAINE HYDROCHLORIDE - NMT 20Y; NMT $1,000,000(*); B; NLT 3Y SUP REL; VWPA; G-LINES; $100 SA (5) | 240 MOS IMPR; 3 YRS SUP REL; $100 SA |
| 21:841(a)(1) - KNOWINGLY POSS W/INTENT TO DIST COCAINE BASE - NLT 10Y, NMT L; NMT | 264 MOS IMPR; 5 YRS SUP REL ON CTS. 1 AND 6; 4 YRS SUP REL ON CT. 4 ; $100 SA ON EA CT. |

$4,000,000(*); B; NLT 5Y SUP REL;
VWPA; G-LINES; $100 SA
(6)

21:841(a)(1) - POSS W/INTENT TO
DIST MARIJUANA - NMT 5Y, NMT
$250,000(*); B; NLT 2Y SUP REL;
VWPA; G-LINES; $100 SA
(7)

60 MOS IMPR. 3 YRS SUP REL; $100
SA

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**                                    **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                           **Disposition**
None

---

**Plaintiff**

**United States of America**                represented by **Kent B. Brunson**
                                                          U.S. Attorney's Office
                                                          PO Box 197
                                                          Montgomery, AL 36101-0197
                                                          334-223-7280
                                                          Fax: 223-7560
                                                          Email: Kent.Brunson@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Laura F. Wright**
                                                          9201 Bridge Pointe
                                                          Montgomery, AL 36117
                                                          *TERMINATED: 09/27/2001*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
|            |   |             |

| 09/24/1997 | 9 | INDICTMENT as to Harry Gordon (1) count(s) 1, 2, 3, 4, 8, 9, Larry Gordon (2) count(s) 1, 2, Cedric Howard (3) count(s) 1, 4, 5, 6, 7 (Preliminary Examination cancelled.) (dkt clerk) (Entered: 09/26/1997) |
|---|---|---|
| 09/24/1997 | | **Added Government Attorney Laura L. Forehand as to Harry Gordon, Larry Gordon, Cedric Howard (dkt clerk) (Entered: 09/26/1997) |
| 09/24/1997 | | Magistrate Judge Vanzetta Penn McPherson assigned to case for discovery matters as well as matters subsequently referred by District Circuit Judge Joel F. Dubina . (dkt clerk) (Entered: 09/29/1997) |
| 09/24/1997 | | ** District Judge W. Harold Albritton has assigned case to Visiting Circuit Judge Joel F. Dubina . (dkt clerk) (Entered: 09/29/1997) |
| 09/25/1997 | 14 | Arrest WARRANT issued as to Cedric Howard (dkt clerk) (Entered: 09/26/1997) |
| 09/25/1997 | | ARREST of Cedric Howard (dkt clerk) (Entered: 09/29/1997) |
| 09/25/1997 | | **Added party Cedric Howard. Address: Montgomery City Jail, P.O. Drawer 159, Montgomery, AL 36101. New Address as of 10/5/00: Reg. No. 100092-002, FCI-Fairton, P.O. Box 420, Fairton, NJ 08320 (dkt clerk) Modified on 10/05/2000 (Entered: 09/29/1997) |
| 09/26/1997 | | Initial appearance as to Cedric Howard held before Mag. Judge Charles S. Coody on 9/26/97 Arraignment at 10:00 10/8/97 for Cedric Howard before Mag Judge Vanzetta P. McPherson at Fourth Floor Courtroom (Defendant informed of rights.) (dkt clerk) (Entered: 09/29/1997) |
| 09/26/1997 | 15 | CJA 23 FINANCIAL AFFIDAVIT by Cedric Howard (dkt clerk) (Entered: 09/29/1997) |
| 09/26/1997 | 16 | MOTION by USA as to Cedric Howard for Detention Hearing. referred to Mag. Judge Charles S. Coody (dkt clerk) (Entered: 09/29/1997) |
| 09/26/1997 | 17 | Courtroom Deputy's Minutes as to Cedric Howard: Re: Initial Appearance (dkt clerk) (Entered: 09/29/1997) |
| 09/29/1997 | 18 | ORDER as to Cedric Howard, Appointing Federal Public Defender ( Signed by Mag. Judge Charles S. Coody ) , Copies furnished to: FDP, USA, USM, USPTS (dkt clerk) (Entered: 09/29/1997) |
| 09/29/1997 | | **Added for Cedric Howard Attorney Federal Defender (dkt clerk) (Entered: 09/29/1997) |
| 09/29/1997 | 19 | ORDER as to Cedric Howard granting [16-1] motion for Detention Hearing. referred to Mag. Judge Charles S. Coody as to Cedric Howard (3), set Detention Hearing for 4:00 9/30/97 for Cedric Howard before Mag. Judge Charles S. Coody in Third Floor Courtroom ( Signed by Mag. Judge Charles S. Coody ) , Copies furnished to: FDP, USA, USM, USPTS, Marie (dkt clerk) (Entered: 09/29/1997) |
| 09/30/1997 | | Detention hearing as to Cedric Howard held before Mag. Judge Charles S. Coody on 9/30/97 (dkt clerk) (Entered: 09/30/1997) |

| | | |
|---|---|---|
| 09/30/1997 | 20 | Courtroom Deputy's Minutes as to Cedric Howard: RE: Detention Hearing (dkt clerk) (Entered: 09/30/1997) |
| 09/30/1997 | 21 | ARREST warrant Returned Executed as to Cedric Howard on 9/25/97 (ekl) (Entered: 10/03/1997) |
| 10/01/1997 | 22 | DETENTION ORDER as to Cedric Howard ( Signed by Mag. Judge Charles S. Coody ) , Copies furnished to: FDP, USA, USM, USPTS (dkt clerk) Modified on 10/03/1997 (Entered: 10/01/1997) |
| 10/03/1997 | | **Reset last document number to 22 (ekl) (Entered: 10/03/1997) |
| 10/06/1997 | 25 | ARRAIGNMENT NOTICE as to Cedric Howard ; Arraignment at 10:00 10/8/97 for Cedric Howard at Fourth Floor Courtroom before Mag Judge Vanzetta P. McPherson ; ARRAIGNMENT Notice sent to ATTORNEYS Federal Defender for defendant Cedric Howard, Laura L. Forehand for plaintiff USA (ekl) Modified on 10/06/1997 (Entered: 10/06/1997) |
| 10/06/1997 | | **Reset last document number to 25 (ekl) (Entered: 10/06/1997) |
| 10/06/1997 | 27 | NOTICE of Appearance for Cedric Howard by Attorney John William Focke II (ekl) (Entered: 10/07/1997) |
| 10/08/1997 | 28 | NOTICE of Appearance for Cedric Howard by Attorney Robert F. Clark (snc) (Entered: 10/08/1997) |
| 10/08/1997 | | NOTICES TO RETAINED COUNSEL furnished Attorneys Robert Clark and Maurice Bell (snc) (Entered: 10/08/1997) |
| 10/08/1997 | | MOTION in open court by John Focke to Withdraw as Attorney for defendant Cedric Howard [0-0] referred to Mag Judge Vanzetta P. McPherson (snc) (Entered: 10/08/1997) |
| 10/08/1997 | | ORAL ORDER as to Cedric Howard granting [0-0] oral motion by John Focke to Withdraw as Attorney (Terminated attorney John William Focke for Cedric Howard, attorney Federal Defender for Cedric Howard as to Cedric Howard (3) ( Entered by Mag Judge Vanzetta P. McPherson ) (snc) (Entered: 10/08/1997) |
| 10/08/1997 | | ARRAIGNMENT as to Harry Gordon, Cedric Howard held before Mag Judge Vanzetta P. McPherson on 10/8/997 Defendant(s) appeared with counsel and after having been advised of Defendant(s') rights, entered a plea of NOT GUILTY. (snc) (Entered: 10/08/1997) |
| 10/08/1997 | | PLEA of Not Guilty: , Cedric Howard (3) count(s) 1, 4, 5, 6, 7 ; Court accepts plea. (snc) (Entered: 10/08/1997) |
| 10/08/1997 | 30 | Courtroom Deputy's Minutes of Arraignment as to Cedric Howard: 12/1/97 Trial Term. Lewis Wimberley, Court Reporter (snc) (Entered: 10/08/1997) |
| 10/09/1997 | 31 | NOTICE of Appearance for Cedric Howard by Attorney Robert F. Clark, Messrs. Clark, Deen & Copeland, P.C., P. O. Box 2705, Mobile, AL 36652 - retained (nhr) (Entered: 10/10/1997) |

| | | |
|---|---|---|
| 10/10/1997 | 33 | ORDER on Arraignment as to Cedric Howard directing that Pretrial set 11:30 10/31/97 for Cedric Howard in In Chambers before Mag Judge Vanzetta P. McPherson Jury Trial set 10:00 12/1/97 for Cedric Howard in U.S. Courthouse before Circuit Judge Joel F. Dubina Discovery is due on or before 10/14/97 for Cedric Howard Pretrial Motions due by 10/20/97 for Cedric Howard ; and government response to pretrial motions due 10 days from motion filing date. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: usa, ptso, Sheila (sql) (Entered: 10/10/1997) |
| 10/10/1997 | | Jury selection as to Harry Gordon, Cedric Howard set for 10:00 12/1/97 for Harry Gordon, for Cedric Howard at U.S. Courthouse before Circuit Judge Joel F. Dubina (sql) (Entered: 10/10/1997) |
| 11/05/1997 | 40 | APPLICATION by USA as to Harry Gordon, Larry Gordon, Cedric Howard for ex parte order to disclose returns and return information. [40-1] referred to Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 11/06/1997) |
| 11/07/1997 | 43 | TRIAL NOTICE as to Cedric Howard ; Trial set for 10:00 12/1/97 for Cedric Howard at First Floor Courtroom ; TRIAL Notice to ATTORNEYS Robert F. Clark for defendant; to Cedric Howard; to Laura L. Forehand for plaintiff USA; Clothing Notice mailed. (dkt clerk) Modified on 11/07/1997 (Entered: 11/07/1997) |
| 11/07/1997 | 44 | ORDER as to Harry Gordon, Larry Gordon, Cedric Howard granting [44-1] motion for ex parte order to disclose returns and return information as to Harry Gordon, et al ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: 2 Cert. to USA (nhr) Modified on 11/07/1997 (Entered: 11/07/1997) |
| 11/07/1997 | | **Reset last document number to 44 (ekl) (Entered: 11/07/1997) |
| 11/07/1997 | | **Terminated document(s) as to Harry Gordon, Larry Gordon, Cedric Howard : terminating [40-1] motion for ex parte order to disclose returns and return information (snc) (Entered: 12/18/1997) |
| 11/14/1997 | | U. S. Marshal's Notice that Emmitt Knight has arrived in this district to testify in this case. (nhr) (Entered: 11/20/1997) |
| 11/20/1997 | 56 | MOTION by USA as to Harry Gordon, Larry Gordon, Cedric Howard to continue Trial set for 12/1/97 [56-1] referred to Mag Judge Vanzetta P. McPherson (nhr) (Entered: 11/20/1997) |
| 11/21/1997 | 58 | ORDER as to Harry Gordon, Larry Gordon, Cedric Howard, Response to Motion reset for 11/25/97 for Harry Gordon, for Larry Grdon, for Cedric Howard for [56-1] motion to continue trial set for 12/1/97; that if there is no objection the response shall contain a waiver of speedy trial attached thereto ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: counsel, defendant Harry Gordon, Copies furnished to: USA, PO, PTSO (dkt clerk) (Entered: 12/03/1997) |

| 11/24/1997 | 59 | OBJECTION by Cedric Howard to Government's Motion for continuance. Referred to Magistrate Judge McPherson. (Fax) (nhr) (Entered: 11/24/1997) |
|---|---|---|
| 11/25/1997 | 61 | Proposed Jury Instructions by USA as to Harry Gordon, Cedric Howard. i(Nos. 1 - 18). (nhr) (Entered: 11/25/1997) |
| 11/25/1997 | 63 | ORDER as to Harry Gordon, Cedric Howard granting [56-1] motion to continue Trial set for 12/1/97 as to Harry Gordon (1), Cedric Howard (3), reset Jury Selection for for 10:00 1/5/98 for Harry Gordon, for Cedric Howard at U.S. Courthouse before Judge Ira De Ment in U.S. Courthouse , reset Jury Trial on 10:00 1/5/98 for Harry Gordon, for Cedric Howard before Judge Ira De Ment in U.S. Courthouse ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: counsel, Copies furnished to: USA, USM, USPTS, Marie (dkt clerk) (Entered: 11/26/1997) |
| 12/03/1997 | | **Reset last document number to 68 (ekl) (Entered: 12/03/1997) |
| 12/08/1997 | | TRANSCRIPT filed in case as to Harry Gordon, Cedric Howard for dates of 9/24/97 @ 3 p.m. for Detention Hearing (reporter: Betty Murphree). (nhr) (Entered: 12/08/1997) |
| 12/09/1997 | | **Reset last document number to 75 (nhr) (Entered: 12/09/1997) |
| 12/12/1997 | | CASE reassigned to Judge W. H. Albritton III (ekl) (Entered: 12/15/1997) |
| 12/15/1997 | | Deadline updated as to Harry Gordon, Larry Gordon, Cedric Howard, resetting Jury Selection for 10:00 1/6/98 for Harry Gordon, for Larry Gordon, for Cedric Howard at First Floor Courtroom before Judge Ira De Ment in First Floor Courtroom , and resetting Jury Trial on 10:00 1/6/98 for Harry Gordon, for Larry Gordon, for Cedric Howard before Judge W. H. Albritton III in U.S. Courthouse (ekl) (Entered: 12/15/1997) |
| 12/17/1997 | | TRANSCRIPT filed in case as to Harry Gordon, Cedric Howard for dates of September 24, 1997 @ 3 p.m. for Detention Hearing held before Magistrate Judge Coody. (nhr) (Entered: 12/17/1997) |
| 12/19/1997 | 81 | TRIAL NOTICE as to Cedric Howard ; Trial set for 10:00 1/6/98 for Cedric Howard at First Floor Courtroom ; TRIAL Notice to ATTORNEYS Robert F. Clark for defendant Cedric Howard ; Clothing Notice mailed. (ekl) (Entered: 12/22/1997) |
| 12/24/1997 | 84 | ORDER as to Harry Gordon, Larry Gordon, Cedric Howard granting [83-1] motion to continue trial filed by Harry Gordon (1), to Continue in Interests of Justice Time Excluded from 12/24/97 to 2/2/98 , reset Jury Selection for 10:00 2/2/98 for Harry Gordon, for Larry Gordon, for Cedric Howard at U.S. Courthouse before Judge W. H. Albritton III in U.S. Courthouse , and reset Jury Trial on 10:00 2/2/98 for Harry Gordon, for Larry Gordon, for Cedric Howard before Judge W. H. Albritton III in U.S. Courthouse ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: All counsel, defendants, Copies furnished to: USA, USPO, USPTS, MARIE, ERNESTINE, CINDY (nhr) (Entered: 12/24/1997) |

| 01/15/1998 | 89 | ORDER as to Larry Gordon; that the Government and defendants Harry Gordon and Cedric Howard's Response to Motion is set for 1/20/98 RE: [87-1] motion to continue Trial set for 2/2/98 ; if remaining defendants do not object to the Motion to Continue, they are Directed to file their Waivers of Speedy Trial by the January 20, 1998 deadline; that Larry Gordon shall file his Waiver of speedy trial on or before January 20, 1998. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: All counsel of record, Copies furnished to: USA, USM, USPO, USPTS, ERN, MARIE (nhr) (Entered: 01/16/1998) |
|---|---|---|
| 01/21/1998 | 92 | WAIVER of Speedy Trial by Cedric Howard (ekl) (Entered: 01/22/1998) |
| 01/23/1998 | 94 | ORDER as to Harry Gordon, Larry Gordon, Cedric Howard granting [87-1] motion to continue Trial set for 2/2/98 as to Larry Gordon (2), to Continue in Interests of Justice- Time Excluded from 1/23/98 to 3/16/98 , reset Jury Selection for 10:00 3/16/98 for Harry Gordon, for Larry Gordon, for Cedric Howard before 11th Circuit Judge Emmett R. Cox in U.S. Courthouse , and reset Jury Trial on 10:00 3/16/98 for Harry Gordon, for Larry Gordon, for Cedric Howard before 11th Circuit Judge Emmett R. Cox in U.S. Courthouse ( Signed by Judge W. H. Albritton III ) Copies mailed to: Counsel, defendants, Copies furnished to: USA, USM, USPO, USPTS, ERN, CINDY, MARIE (nhr) (Entered: 01/28/1998) |
| 03/04/1998 | 95 | Proffer of and NOTICE of Intent to Offer Evidence of Similar Acts Under Rule 404(b) of The Federal Rules of Evidence by USA as to Harry Gordon, Larry Gordon, Cedric Howard. Faxed to Judge Cox. (nhr) Modified on 03/09/1998 (Entered: 03/05/1998) |
| 03/06/1998 | 99 | TRIAL NOTICE as to Cedric Howard ; Trial set for 10:00 3/16/98 for Cedric Howard at Fourth Floor Courtroom ; TRIAL Notice to ATTORNEYS Robert F. Clark for defendant Cedric Howard, Laura F. Wright for plaintiff USA ; Clothing Notice mailed. (EDIT 10/7/03 - CLEANUP CM/ECF INDICATED ERROR REQUIRING DELETION AND REDOCKET OF EVENT) (jct) (Entered: 10/07/2003) |
| 03/06/1998 | 96 | Requested Voir Dire Questions by USA as to Harry Gordon, Larry Gordon, Cedric Howard. Copy FAXED to Judge Cox (ekl) (Entered: 03/06/1998) |
| 03/09/1998 | 100 | Petition (MOTION) by USA as to Harry Gordon, Larry Gordon, Cedric Howard to Release Custody of Prisoner Harry Gordon 3/9/98 into the custody of Special Agents. [100-1] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 03/09/1998) |
| 03/09/1998 | 101 | ORDER as to Harry Gordon, Larry Gordon, Cedric Howard granting [100-1] motion to Release Custody of Prisoner Harry Gordon 3/9/98 into the custody of Special Agents. as to Harry Gordon (1). Prisoner to be returned to the custody of the USM when the agent(s) has finished with him. ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USA,USM (ekl) (Entered: 03/10/1998) |

| 03/09/1998 | 102 | Proposed Jury Instructions l thru 20 by USA as to Harry Gordon, Larry Gordon, Cedric Howard (ekl) (Entered: 03/10/1998) |
| 03/09/1998 | | **Terminated document(s) as to Harry Gordon, Larry Gordon, Cedric Howard : terminating [100-1] motion to Release Custody of Prisoner Harry Gordon 3/9/98 into the custody of Special Agents. as to Larry Gordon (2), Cedric Howard (3) (ekl) (Entered: 03/10/1998) |
| 03/10/1998 | 104 | MOTION by USA as to Harry Gordon, Larry Gordon, Cedric Howard for Release of Harry Gordon from Custody into the custody of Special Agent(s) 3-13-98 [104-1] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 03/10/1998) |
| 03/11/1998 | 108 | ORDER as to Harry Gordon, Larry Gordon, Cedric Howard granting [104-1] motion for Release of Harry Gordon from Custody into the custody of Special Agent(s) 3-13-98 as to Harry Gordon (1), Larry Gordon (2), Cedric Howard (3) ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USA,USM (ekl) (Entered: 03/11/1998) |
| 03/16/1998 | | Voir dire begun as to Larry Gordon (2) count(s) 1, 2, Cedric Howard (3) count(s) 1, 4, 5, 6, 7. LEWIS WIMBERLEY, COURT REPORTER. (ekl) (Entered: 03/17/1998) |
| 03/16/1998 | | CASE reassigned to Judge Emmett R. Cox (ekl) (Entered: 03/19/1998) |
| 03/16/1998 | | ** District Judge W. Harold Albritton has assigned case to Visiting Judge Emmett R. Cox . (ekl) (Entered: 03/19/1998) |
| 03/16/1998 | | Jury selection as to Larry Gordon, Cedric Howard held before Judge Emmett R. Cox on 3/16/98. LEWIS WIMBERLEY, COURT REPORTER. (ekl) (Entered: 03/19/1998) |
| 03/16/1998 | | Jury trial as to Larry Gordon, Cedric Howard held before Judge Emmett R. Cox on March 16-18, 1998. LEWIS WIMBERLEY, COURT REPORTER. (ekl) (Entered: 03/19/1998) |
| 03/17/1998 | | Oral MOTION in open court by Larry Gordon, Cedric Howard for Judgment of Acquittal [0-0] referred to Judge Emmett R. Cox (ekl) (Entered: 03/19/1998) |
| 03/17/1998 | | ORAL ORDER as to Larry Gordon, Cedric Howard denying [0-0] oral motion for Judgment of Acquittal as to Larry Gordon (2), Cedric Howard (3) ( Entered by Judge Emmett R. Cox ) (ekl) (Entered: 03/19/1998) |
| 03/18/1998 | 111 | JURY VERDICT of Guilty: Cedric Howard (3) count(s) 1, 4, 5, 6, 7 (ekl) (Entered: 03/19/1998) |
| 03/18/1998 | 113 | Courtroom Deputy's Minutes; witness list; exhibit lists of trial March 16-18, 1998 as to Larry Gordon, Cedric Howard : (ekl) (Entered: 03/19/1998) |
| 03/18/1998 | | **Terminated deadlines as to Harry Gordon, Larry Gordon, Cedric Howard (ekl) (Entered: 03/19/1998) |

| 03/18/1998 | | ORAL ORDER as to Harry Gordon, Larry Gordon, Cedric Howard , setting Sentencing for 1:30 6/9/98 for Harry Gordon, for Larry Gordon, for Cedric Howard at U.S. Courthouse before Judge Emmett R. Cox in U.S. Courthouse ( Entered by Judge Emmett R. Cox ) (ekl) (Entered: 03/19/1998) |
| 03/18/1998 | 114 | REDACTED INDICTMENT to the Jury as to Larry Gordon, Cedric Howard (ekl) Modified on 03/19/1998 (Entered: 03/19/1998) |
| 03/19/1998 | | **Reset last document number to 114 (ekl) (Entered: 03/19/1998) |
| 03/26/1998 | 118 | SENTENCING NOTICE as to Cedric Howard ; Sentencing set for 1:30 6/9/98 for Cedric Howard at U.S. Courthouse ; SENTENCING Notice sent to ATTORNEYS Robert F. Clark for defendant Cedric Howard, Laura F. Wright for plaintiff USA ; Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 03/26/1998) |
| 04/06/1998 | 122 | ORDER as to Cedric Howard, set Sentencing for 1:30 6/9/98 for Cedric Howard before 11th Circuit Judge Emmett R. Cox in U.S. Courthouse ; that counsel for both parties shall communicate in writing any objections to any information in the presentence report on or before May 12, 1998; that counsel for both parties shall be available for a conference with the probation officer on May 13, 1998 @ 3 p.m., to discuss and resolve any factual and legal issues contained in the presentence report; that if such meeting or conference is necessary, it shall be held at 136 Catoma Street, Montgomery, AL. ( Signed Judge Emmett R. Cox ) Copies mailed to: Counsel, Copies furnished to: USA, USM, USPO, USPTS; MARIE; ERN (nhr) (Entered: 04/07/1998) |
| 05/27/1998 | | TRANSCRIPT of testimony of Marion Wilson filed in case as to Larry Gordon, Cedric Howard for dates of 3/16/98 (ekl) (Entered: 05/28/1998) |
| 05/27/1998 | | TRANSCRIPT of testimony of Emmitt Knight filed in case as to Larry Gordon, Cedric Howard for dates of 3/17/98 (ekl) (Entered: 05/28/1998) |
| 05/27/1998 | | TRANSCRIPT of testimony of Cedric Grant filed in case as to Larry Gordon, Cedric Howard for dates of 3/17/98 (ekl) (Entered: 05/28/1998) |
| 05/27/1998 | | TRANSCRIPT of testimony of Philip Moulas filed in case as to Larry Gordon, Cedric Howard for dates of 3/17/98 (ekl) (Entered: 05/28/1998) |
| 06/12/1998 | | **Terminated deadlines as to Harry Gordon, Larry Gordon, Cedric Howard (ekl) (Entered: 06/12/1998) |
| 06/17/1998 | 130 | ORDER as to Harry Gordon, Cedric Howard, reset Sentencing for for 3:00 6/24/98 for Harry Gordon, for Cedric Howard at U.S. Courthouse before 11th Circuit Judge Emmett R. Cox in U.S. Courthouse ( Signed by Judge Emmett R. Cox ) Copies mailed to: Counsel, defendants, Copies furnished to: USA, USM, USPO, USPTS, MARIE, ERNESTINE (nhr) (Entered: 06/17/1998) |

| 06/24/1998 | 132 | MOTION by Cedric Howard for Edward Carter Blount Jr. to Appear Pro Hac Vice FILING FEE $ 10.00 RECEIPT # 71822 [132-1] referred to 11th Circuit Judge Emmett R. Cox (ekl) (Entered: 06/24/1998) |
| 06/24/1998 | | STAMPED ORDER as to Cedric Howard granting [132-1] motion for Edward Carter Blount Jr. to Appear Pro Hac Vice FILING FEE $ 10.00 RECEIPT # 71822 as to Cedric Howard (3) ( Entered by Judge Emmett R. Cox ) Copies mailed to: counsel, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 06/25/1998) |
| 06/24/1998 | | MOTION in open court by Cedric Howard to continue sentencing [0-0] referred to Judge Emmett R. Cox (ekl) (Entered: 06/25/1998) |
| 06/24/1998 | | ORAL ORDER as to Cedric Howard granting [0-0] oral motion to continue sentencing as to Cedric Howard (3), resetting Sentencing for 10:30 7/2/98 for Cedric Howard at U.S. Courthouse before Judge Emmett R. Cox ( Entered by Judge Emmett R. Cox ) (ekl) (Entered: 06/25/1998) |
| 06/25/1998 | 135 | SENTENCING NOTICE as to Cedric Howard ; Sentencing set for 10:30 7/2/98 for Cedric Howard at U.S. Courthouse ; SENTENCING Notice sent defendant; to ATTORNEYS Robert F. Clark for defendant Cedric Howard, Laura F. Wright for plaintiff USA ; Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 06/25/1998) |
| 06/25/1998 | 136 | ORDER as to Cedric Howard, continuing the sentencing presently set for 7-2-98 at 10:30 a.m. Sentencing will be reset at a later date ( Signed by Judge Emmett R. Cox ) Copies mailed to: counsel and defendant, Copies furnished to: USA,USM,USPTS,USPO,TC,MT. Counsel called by telephone. (ekl) (Entered: 06/26/1998) |
| 06/26/1998 | | **Terminated deadlines as to Cedric Howard (ekl) (Entered: 06/26/1998) |
| 07/01/1998 | | **Reset last document number to 137 (nhr) (Entered: 07/01/1998) |
| 07/28/1998 | 138 | ORDER as to Cedric Howard, reset Sentencing for 3:00 8/4/98 for Cedric Howard at U.S. Courthouse before 11th Circuit Judge Emmett R. Cox ( Signed by Judge Emmett R. Cox ) Copies mailed to: Counsel, Copies furnished to: USA, USM, USPO, USPTS, MARIE, ERN (nhr) (Entered: 07/29/1998) |
| 07/31/1998 | 139 | SENTENCING NOTICE as to Cedric Howard ; Sentencing set for 3:00 8/4/98 for Cedric Howard at U.S. Courthouse ; SENTENCING Notice sent to ATTORNEYS Edward Carter Blount Jr. for defendant Cedric Howard, Robert F. Clark for defendant Cedric Howard, Laura F. Wright for plaintiff USA ; Copies furnished to: USA,USM,USPTS,USPO. Mailed to defendant. (ekl) (Entered: 07/31/1998) |
| 08/04/1998 | 140 | ORDER sealing presentence report. If case is appealed, parties may see report as set out in order as to Cedric Howard ( Signed by Judge Emmett R. Cox ) Copies mailed to: counsel, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 08/10/1998) |

| 08/04/1998 | 141 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Cedric Howard (ekl) Modified on 08/10/1998 (Entered: 08/10/1998) |
|---|---|---|
| 08/04/1998 |  | Sentencing held before Judge Emmett R. Cox on 8/4/98 Cedric Howard (3) count(s) 1, 4, 5, 6, 7. Lewis Wimberley, Court Reporter. (ekl) (Entered: 08/10/1998) |
| 08/04/1998 | 142 | Courtroom Deputy's Minutes of sentencing hearing 8/4/98 before Judge Emmett R. Cox as to Cedric Howard : (ekl) (Entered: 08/10/1998) |
| 08/12/1998 | 143 | LETTER (MOTION) by Cedric Howard for Appointment of Counsel [143-1] referred to Judge W. H. Albritton III (ekl) (Entered: 08/13/1998) |
| 08/13/1998 | 144 | NOTICE OF APPEAL by Cedric Howard (3) count(s) 1, 4, 5, 6, 7 to U.S. Circuit Court of Appeals, 11th Circuit, Copies mailed to: USCA, Counsel & Court Reporter, Copies furnished to: USA, USPO (kcg) Modified on 08/14/1998 (Entered: 08/14/1998) |
| 08/13/1998 | 145 | MOTION by Cedric Howard to Proceed on appeal in Forma Pauperis [145-1] referred to Judge W. H. Albritton III (kcg) Modified on 08/14/1998 (Entered: 08/14/1998) |
| 08/13/1998 | 146 | MOTION by Cedric Howard for Robert F. Clark to Withdraw as Attorney [146-1] referred to Judge W. H. Albritton III (kcg) Modified on 08/14/1998 (Entered: 08/14/1998) |
| 08/14/1998 | 147 | JUDGMENT Cedric Howard (3) count(s) 1, 4 , 6 . 264 MOS IMPR 5 YRS SUP REL ON CTS. 1 AND 6; 4 YRS SUP REL ON CT. 4 ; $100 SA ON EA CT. , Cedric Howard (3) count(s) 5. 240 MOS IMPR; 3 YRS SUP REL; $100 SA , Cedric Howard (3) count(s) 7. 60 MOS IMPR. 3 YRS SUP REL; $100 SA. All such terms to be served concurrently. The court recommends that the defendant be designated to a facility where drug counseling is available. The defendant shall participtae in a substance abuse tratment program as directed by the PO. Further, the defendant shall contribute to the costs of any treatment in an amount to be determined by the PO based on ability to pay and on availability of third party payments. ( Signed by Judge Emmett R. Cox ) Copies mailed to: counsel, defendant, Lowndes Co, Copies furnished to: USA,USM,USPTS,USPO,FIN.CLK (ekl) Modified on 08/26/1998 (Entered: 08/14/1998) |
| 08/14/1998 |  | **Reset last document number to 147 (kcg) (Entered: 08/14/1998) |
| 08/14/1998 | 148 | CJA 23 FINANCIAL AFFIDAVIT by Cedric Howard (ekl) (Entered: 08/14/1998) |
| 08/26/1998 | 149 | ORDER as to Cedric Howard denying [146-1] motion for Robert F. Clark to Withdraw as Attorney as to Cedric Howard (3). Robert F. Clark continues in all respects to perform his duties as attorney of record for the defendant. If the defendant wishes to pursue the motion for leave to proceed in forma pauperis on appeal, Robert F. Clark is given until 9/9/98 to file with the court, under seal, a detailed statement containing the |

|  |  | information required by the Notice to Retained Criminal Defense Attorneys, to be reviewed by the court in camera. The motion for leave to proceed in forma pauperis on appeal will be taken under submission for determination at that time. ( Signed by Judge W. H. Albritton III ) Copies mailed to: counsel and defendant, Copies furnished to: USA,USM,USPTS,USPO,APPEALS CLERK (ekl) (Entered: 08/26/1998) |
|---|---|---|
| 09/03/1998 |  | USCA Case Number as to Cedric Howard Re: [144-1] appeal USCA Number: 98-6638 (kcg) (Entered: 09/08/1998) |
| 09/08/1998 | 150 | MOTION by Cedric Howard of DETAILED STATEMENT OF DEFENSE COUNSEL PURSUANT TO COURT ORDER , and for TRANSCRIPT AT GOVERNEMENT EXPENSE [Filed Under SEAL] [150-1] referred to Judge W. H. Albritton III, [150-2] referred to Judge W. H. Albritton III (dkt clerk) (Entered: 09/08/1998) |
| 09/08/1998 | 🌑 | Case as to Cedric Howard Assigned to Judge W. Harold Albritton, III. Judge Emmett R. Cox no longer assigned to the case. (ws ) (Entered: 04/07/2006) |
| 09/10/1998 | 151 | ORDER that the court has considered the statement of Defendant's counsel, Robert F. Clark, filed under seal in response to the court's order entered on August 26, 1998 as to Cedric Howard, granting [150-2] motion for TRANSCRIPT AT GOVERNEMENT EXPENSE as to Cedric Howard (3), granting [145-1] motion to Proceed on appeal in Forma Pauperis as to Cedric Howard (3), denying [143-1] motion Appointment of Counsel as to Cedric Howard (3), that Robert F. Clark will continue to represent the Defendant on appeal under the original fee arrangement. ( Signed by Judge W. H. Albritton III ) Copies mailed to: Counsel, Defendant, USCA, Copies furnished to: USA, USPO, Court Reporter (dkt clerk) (Entered: 09/10/1998) |
| 09/10/1998 |  | **Terminated document(s) as to Cedric Howard : terminating [150-1] motion of DETAILED STATEMENT OF DEFENSE COUNSEL PURSUANT TO COURT ORDER as to Cedric Howard (3) (ekl) (Entered: 05/10/2001) |
| 09/22/1998 |  | CJA-24 voucher for transcripts as to Cedric Howard forwarded to Court Reporter Lewis Wimberley. (dkt clerk) (Entered: 09/22/1998) |
| 09/24/1998 |  | USCA appeal fees received FILING FEE $ 105.00 RECEIPT # 73271 as to Cedric Howard Re: [144-1] appeal (dkt clerk) (Entered: 09/29/1998) |
| 10/21/1998 |  | TRANSCRIPT filed [Lewis Wimberley] as to Larry Gordon, Cedric Howard for dates of 3/16 - 18/98 @ 3 volumes Certificate of Readiness due on 11/4/98 for Larry Gordon, for Cedric Howard [144-1] appeal (dkt clerk) (Entered: 10/26/1998) |
| 10/21/1998 |  | TRANSCRIPT filed [Lewis Wimberley] as to Larry Gordon, Cedric Howard for dates of 8/4/98 Sentencing Hearing. Certificate of Readiness due on 11/4/98 for Larry Gordon, for Cedric Howard [144-1] appeal (dkt clerk) (Entered: 10/26/1998) |

| 10/27/1998 | 160 | CJA 24 as to Cedric Howard Authorization to Pay Lewis Wimberley $ 1,563.00 for Transcript ( Signed by Judge W. H. Albritton III ) , (kcg) (Entered: 10/29/1998) |
|---|---|---|
| 10/28/1998 | | U. S. Marshal's Notice of Arrival in the Middle District of Alabama for Larry Gordon - return from study and observation at Butner, N.C. (nhr) (Entered: 10/28/1998) |
| 12/10/1998 | | CERTIFICATE OF READINESS of record on appeal mailed to USCA, 11th Circuit and counsel: as to Cedric Howard [144-1] appeal by Cedric Howard (dkt clerk) (Entered: 12/10/1998) |
| 02/05/1999 | | Received $50 toward assessment fee by Cedric Howard through U. S. Dept. of Justice. Master Receipt #75276. (nhr) (Entered: 02/05/1999) |
| 02/09/1999 | 171 | MOTION by USA as to Harry Gordon, Larry Gordon, Cedric Howard for return of evidence [171-1] referred to 11th Circuit Judge Emmett R. Cox (by Fax). (nhr) (Entered: 02/09/1999) |
| 03/01/1999 | 172 | ORDER as to Harry Gordon, Larry Gordon, Cedric Howard granting [171-1] motion for return of evidence (Gov. Ex. 29) as to Harry Gordon (1), Larry Gordon (2), Cedric Howard (3) ( Signed by Judge Emmett R. Cox ) Copies mailed to: counsel, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 03/02/1999) |
| 03/05/1999 | | $50 assessment fee by Cedric Howard thru BOJ, receipt 75660 (ekl) (Entered: 05/11/1999) |
| 03/24/1999 | 180 | MOTION by USA as to Harry Gordon, Larry Gordon, Cedric Howard for Return of Evidence - Post Trial [180-1] referred to 11th Circuit Judge Emmett R. Cox by mail 3-25-99. (ekl) (Entered: 03/25/1999) |
| 03/25/1999 | | REQUEST for Record on Appeal from USCA re: [144-1] appeal by Cedric Howard (kcg) (Entered: 03/26/1999) |
| 03/26/1999 | | Certified and transmitted record on appeal (1 VOlume of Pleadings, 5 Transcripts, 1 Envelope and 2 Sealed Envelopes) to U.S. Court of Appeals (11th Circuit) as to Cedric Howard : [144-1] (kcg) (Entered: 03/26/1999) |
| 04/01/1999 | 186 | ORDER for Return of Evidence as to Harry Gordon, Larry Gordon, Cedric Howard. Motion for return of evidence (Gov't. Ex.30) is granted ( Signed by Judge Emmett R. Cox ) Copies mailed to: counsel; Judge Cox, Copies furnished to: USA,USM,USPTS,USPO,FD (ekl) (Entered: 04/05/1999) |
| 04/05/1999 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [144-1] appeal by Cedric Howard USCA Number: 98-6638 (dkt clerk) (Entered: 04/15/1999) |
| 07/09/1999 | | Received assessment from BOP as to Cedric Howard $50. Receipt 77461 (ekl) Modified on 10/29/1999 (Entered: 10/29/1999) |

| 08/26/1999 |     | Received defendant Larry Gordon's Notice of Appeal. (kcg) (Entered: 08/27/1999) |
|------------|-----|---------------------------------------------------------------------------------|
| 08/27/1999 |     | **Reset last document number to 203 (kcg) (Entered: 08/27/1999) |
| 08/27/1999 |     | Notice of Appeal and certified copy of docket to USCA: [204-1] appeal by Larry Gordon (kcg) (Entered: 08/27/1999) |
| 09/20/1999 |     | **Reset last document number to 208 (dkt clerk) (Entered: 09/20/1999) |
| 10/05/1999 | 209 | PER CURIAM the Rule 36-1 decision & JUDGMENT OF USCA issued as MANDATE on 10/4/99 (certified copy) as to Cedric Howard Re: [144-1] appeal affirming judgment/order Cedric Howard (3) count(s) 1, 4, 5, 6, 7 (BEFORE: TJOFLAT and DUBINA, Circuit Judges, and STORY*, District Judge.) Defendant; furn: USA, USPO (dkt clerk) Modified on 10/06/1999 (Entered: 10/06/1999) |
| 10/05/1999 |     | Record on Appeal as to Cedric Howard returned from U.S. Court of Appeals: [144-1] appeal SEALED PSI returned to vault [98-6638] (dkt clerk) (Entered: 10/06/1999) |
| 12/20/1999 |     | Original Papers as to Larry Gordon sent to USCA, Eleventh Circuit per request of 12/9/99. (kcg) (Entered: 12/20/1999) |
| 01/19/2000 |     | Received $36.76 toward assessment by Cedric Howard through BOP Inmate Offset Program; Receipt No. 80290 (dkt clerk) (Entered: 01/20/2000) |
| 05/02/2000 |     | CASE REFERRED to Mag Judge Vanzetta P. McPherson (dkt clerk) (Entered: 05/02/2000) |
| 05/09/2000 |     | File w/copy of Order entered 5/8/00 returned to Judge McPherson. (dkt clerk) (Entered: 05/09/2000) |
| 05/19/2000 |     | Received $50.00 toward assessment fee by Cedric Howard through the BOP Inmate Offset Program; receipt no. 82016 (dkt clerk) (Entered: 05/24/2000) |
| 07/14/2000 |     | Received $50.00 toward assessment fee through the BOP Inmate Offset Program for Cedric Howard; receipt no. 82811 (dkt clerk) (Entered: 07/17/2000) |
| 08/03/2000 |     | Received copies of 7/26/00 orders for Larry Gordon back from Postal Service with notation "return to sender". (kcg) (Entered: 08/10/2000) |
| 08/30/2000 | 219 | MOTION by Cedric Howard to Vacate under 28 U.S.C. 2255 [219-1] referred to Mag Judge Vanzetta P. McPherson/Anderson. Civil Action 00-A-1193-N (ekl) Modified on 08/31/2000 (Entered: 08/31/2000) |
| 08/30/2000 | 220 | MEMORANDUM by Cedric Howard in support of [219-1] motion to Vacate under 28 U.S.C. 2255 (ekl) (Entered: 08/31/2000) |
| 09/20/2000 | 221 | ORDER as to Cedric Howard, Response to Motion reset for 10/10/00 for Cedric Howard for [219-1] motion to Vacate under 28 U.S.C. 2255; that |

| | | in filing answer the U.S. Attorney shall provide the court with an affidavit from the defendant's attonrey which addresses those claims of ineffective assistance of counsel ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA,EL (dkt clerk) (Entered: 09/20/2000) |
| 10/05/2000 | 223 | Change of address filed by Cedric Howard (dkt clerk) (Entered: 10/05/2000) |
| 10/10/2000 | 224 | MOTION by USA as to Cedric Howard to Extend Time until 10/31/00 to file response [224-1] referred to Mag Judge Vanzetta P. McPherson/Anderson (dkt clerk) (Entered: 10/11/2000) |
| 10/12/2000 | | STAMPED ORDER as to Cedric Howard granting [224-1] motion to Extend Time until 10/31/00 to file response as to Cedric Howard (3) ( Entered by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA, PO, ERN (dkt clerk) (Entered: 10/13/2000) |
| 10/17/2000 | | Received $50.00 toward assessment fee through the BOP Inmate Offset Program for Cedric Howard; receipt no. 84107 (dkt clerk) (Entered: 10/19/2000) |
| 10/31/2000 | 225 | MOTION (with attachment) by USA as to Cedric Howard to Extend Time to File Response [225-1] referred to Mag Judge Vanzetta P. McPherson/Anderson (ekl) (Entered: 11/01/2000) |
| 11/03/2000 | | STAMPED ORDER as to Cedric Howard granting [225-1] motion to Extend Time to File Response as to Cedric Howard (3), Response to Motion reset for 12/15/00 for Cedric Howard for [219-1] motion to Vacate under 28 U.S.C. 2255 ( Entered by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA (ekl) (Entered: 11/03/2000) |
| 12/15/2000 | 226 | MOTION by USA as to Cedric Howard to Extend Time to File Response [226-1] referred to Mag Judge Vanzetta P. McPherson/Anderson (ekl) (Entered: 12/18/2000) |
| 12/21/2000 | | STAMPED ORDER as to Cedric Howard granting [226-1] motion to Extend Time to File Response as to Cedric Howard (3), Response to Motion reset for 1/12/01 for Cedric Howard for [219-1] motion to Vacate under 28 U.S.C. 2255 ( Entered by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 12/21/2000) |
| 01/11/2001 | 227 | MOTION by USA as to Cedric Howard to Extend Time to File Reponse [227-1] referred to Mag Judge Vanzetta P. McPherson/Anderson (ekl) (Entered: 01/11/2001) |
| 01/12/2001 | | Received $25.00 payment towards assessment fee through the BOP Inmate Offset Program for Cedric Howard, receipt no. 85470. (dkt clerk) (Entered: 01/23/2001) |

| 01/18/2001 | 228 | STAMPED ORDER as to Cedric Howard granting [227-1] motion to Extend Time to File Reponse as to Cedric Howard (3), Response to Motion reset for 1/22/01 for Cedric Howard for [219-1] motion to Vacate under 28 U.S.C. 2255 ( Entered by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 01/18/2001) |
|---|---|---|
| 01/22/2001 | 229 | RESPONSE by USA as to Cedric Howard re [219-1] motion to Vacate under 28 U.S.C. 2255 referred to Mag Judge Vanzetta P. McPherson/Anderson (ekl) (Entered: 01/24/2001) |
| 01/29/2001 | 230 | ORDER as to Cedric Howard that on or before 2/10/01, the government shall file a supplement to its response which: (1) Advises the court of the sentence imposed upon the defendant for the conspiracy conviction; (2) Addresses whether the sentence imposed upon the defendant for the conspiracy conviction was within the prescribed statutory maximum for this conviction without regard to drug quantity; (3) contains a copy of the transcript from the defendant's sentencing hearing. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA (dkt clerk) (Entered: 01/30/2001) |
| 02/02/2001 | 231 | SUPPLEMENTAL RESPONSE by USA as to Cedric Howard re [219-1] motion to Vacate under 28 U.S.C. 2255 and order of 1/29/01 referred to Mag Judge Vanzetta P. McPherson/Anderson (ekl) (Entered: 02/02/2001) |
| 02/23/2001 | 232 | REPLY by Cedric Howard to government's response and supplemental response to 2255 motion (with Exhibit A attached) (ekl) (Entered: 02/23/2001) |
| 04/04/2001 | | REQUEST for Record on Appeal from USCA re: [204-1] appeal by Larry Gordon [99-13146-JJ] (dkt clerk) (Entered: 04/04/2001) |
| 04/09/2001 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [204-1] appeal by Larry Gordon USCA Number: 99-13146-JJ (dkt clerk) (Entered: 04/12/2001) |
| 05/04/2001 | 233 | NOTICE of Change of Address by Cedric Howard: Reg.No. 10092-002 Unit A-Am FCI Estill S.C. P.O. Box 599 (ekl) (Entered: 05/09/2001) |
| 06/06/2001 | | Received copy of PER CURIAM OPINION entered May 7, 2001 of the USCA, 11th Circuit. [99-13146-II] (dkt clerk) (Entered: 06/07/2001) |
| 06/07/2001 | | **Remove appeal flag - no further appeals pending (dkt clerk) (Entered: 06/07/2001) |
| 07/16/2001 | | Received $25.00 payment towards assessment fee thru the BOP Inmate Offset Program for Cedric Howard, receipt no. 87917. (dkt clerk) (Entered: 07/25/2001) |
| 09/24/2001 | | **Added party U.S. Pretrial, Montgomery U.S. Probation, US Marshals Service (ekl) (Entered: 09/24/2001) |

| 09/27/2001 | | **Terminated attorney Laura F. Wright for USA (ekl) (Entered: 09/27/2001) |
| 09/27/2001 | | **Added Government Attorney Kent B. Brunson as to Harry Gordon, Larry Gordon, Cedric Howard (ekl) (Entered: 09/27/2001) |
| 10/15/2001 | | Received $25.00 towards assessment thru the BOP Inmate Offset Program for Cedric Howard (receipt no. 89096). (dkt clerk) (Entered: 10/23/2001) |
| 12/05/2001 | | **Case closed as to Harry Gordon, Larry Gordon, Cedric Howard (all defendants). (ekl) (Entered: 12/05/2001) |
| 01/14/2002 | | Received $13.24 Assessment payment from U.S. Treasury for Cedric Howard Receipt #90477 (ws) (Entered: 01/16/2002) |
| 01/25/2002 | 248 | SATISFACTION OF JUDGMENT AS TO MONETARY IMPOSITION by USA as to Cedric Howard (ws) (Entered: 01/25/2002) |
| 06/06/2002 | 249 | NOTICE of Change of Address by Cedric Howard. Defendant transferred from Estill, SC to: P.O. Box 5000, Yazoo City, MS 39194 (ekl) (Entered: 06/17/2002) |
| 08/23/2002 | 251 | MOTION by Cedric Howard to Amend [219-1] motion to Vacate under 28 U.S.C. 2255 by Cedric Howard [251-1] referred to Mag Judge Vanzetta P. McPherson (ws) (Entered: 08/23/2002) |
| 08/29/2002 | 252 | ORDER as to Cedric Howard granting [251-1] motion to Amend [219-1] motion to Vacate under 28 U.S.C. 2255 by Cedric Howard as to Cedric Howard (3) Supplemental Response by the government to Motion to Amend due by 9/18/02 as to Cedric Howard re: [219-1] motion to Vacate 28 U.S.C. 2255; directing the clerk to furnish a copy of the defendant's 8/23/03 amendment to the USA to aid in its response to this order ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, EL (ws) Modified on 08/29/2002 (Entered: 08/29/2002) |
| 08/30/2002 | 253 | ORDER as to Cedric Howard SUPPLEMENTAL Response by the government to Motion with all pertinent evidentiary material upon which the government relies for support due on or before 9/19/02 for Cedric Howard re: [219-1] motion to Vacate 28 U.S.C. 2255; that the response shall include pertinent procedural history in this case; the government is directed to file copies of appellant and appelle briefs on appeal which were omitted from the government's previous response ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, EL (ws) (Entered: 09/03/2002) |
| 09/05/2002 | | ** Renoticed document [252-2] order-system problems-hung up in fax queue-attorney Kent Brunson only (djy) (Entered: 09/05/2002) |
| 09/17/2002 | 254 | RESPONSE by USA to Court Order Issued 8/29/02 as to Cedric Howard re [251-1] motion to Amend [219-1] motion to Vacate under 28 U.S.C. 2255 by Cedric Howard referred to Mag. Judge Vanzetta P. McPherson |

| | | (ws) Modified on 09/18/2002 (Entered: 09/18/2002) |
|---|---|---|
| 09/17/2002 | 255 | RESPONSE by USA to Court Order issued 8/30/02 as to Cedric Howard re [219-1] motion to Vacate under 28 U.S.C. 2255 referred to Mag Judge Vanzetta P. McPherson (ws) (Entered: 09/18/2002) |
| 09/23/2002 | 256 | ORDER as to Cedric Howard Supplemental Response to Motion by the government which provides the court with a factual predicate that supports the assertion that the defendant's jury selection claim is barred by the statute of limitations due on or before 10/7/02 for Cedric Howard re: [219-1] motion to Vacate 28 U.S.C. 2255 ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, DK, EL (ws) (Entered: 09/23/2002) |
| 10/04/2002 | 257 | SUPPLEMENTAL RESPONSE by USA as to Cedric Howard to court's order issued 9/23/02 re [219-1] motion to Vacate under 28 U.S.C. 2255 referred to Mag Judge Vanzetta P. McPherson/Hinson (ws) (Entered: 10/07/2002) |
| 11/08/2002 | 258 | REPORT AND RECOMMENDATIONS of Mag Judge Vanzetta P. McPherson as to Cedric Howard Re: [219-1] motion to Vacate under 28 U.S.C. 2255 ; Objections to R and R due by 11/21/02 Copies mailed to: Defendant, Copies furnished to: USA, EL, DK (ws) Additional attachment(s) added on 3/1/2005 (ws, ). Additional attachment(s) added on 3/1/2005 (ws, ). (Entered: 11/08/2002) |
| 11/08/2002 | | ** Renoticed document [258-1] report and recommendations (ws) (Entered: 11/08/2002) |
| 11/18/2002 | 259 | MOTION by Cedric Howard for Extension of Time to File Objections to Magistrate Judge's Report and Recommendation [259-1] referred to Mag Judge Vanzetta P. McPherson (ws) (Entered: 11/18/2002) |
| 11/21/2002 | 260 | ORDER as to Cedric Howard granting [259-1] motion for Extension of Time to File Objections to Magistrate Judge's Report and Recommendation as to Cedric Howard (3) Extending Time , Objections reset to 12/2/02 for Cedric Howard for [258-1] report and recommendations ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 11/21/2002) |
| 11/25/2002 | 261 | OBJECTION by Cedric Howard to [258-1] report and recommendations referred to Mag. Judges McPherson/Hinson (ws) (Entered: 11/25/2002) |
| 01/31/2003 | 262 | REPORT AND RECOMMENDATIONS of Mag Judge Vanzetta P. McPherson as to Cedric Howard Re: [219-1] motion to Vacate under 28 U.S.C. 2255 that said motion be denied and that defendant's objection to the Recomendation filed on 11/8/02 be overruled ; Objections to R and R due by 2/12/03 Copies mailed to: Defendant, Copies furnished to: USA, EL, DK (ws) (Entered: 01/31/2003) |

| 02/13/2003 | 263 | OBJECTION by Cedric Howard to [262-1] supplemental report and recommendations. Referred to Judge McPherson/Ame Anderson (Construed as a Motion to Amend the Petition per Order of 2/25/03) (ekl) Modified on 02/25/2003 (Entered: 02/13/2003) |
| --- | --- | --- |
| 02/25/2003 | 264 | ORDER as to Cedric Howard granting [263-1] objection which the court construes as motion to amend the petition as to Cedric Howard (3) that within twenty days of servie of this order on the Attorney for the United States, the governmet shall file a supplemental answer which addresses the merits of the defendant's allegations tha the maximum statutory sentence he could properly receive for his conspiracy conviction was 240 months ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, EL, DK (ws) (Entered: 02/25/2003) |
| 03/10/2003 | 265 | OBJECTION by Cedric Howard to [264-1] Court order Issued 2/25/03. Referred to Mag. Judge McPherson (ws) (Entered: 03/10/2003) |
| 03/17/2003 | 266 | RESPONSE to Court Order Issued 2/25/03 by USA as to Cedric Howard re: Defendant allegations that his sentence of conspiracy should be set at the 240 month statutory maximum for cocaine hydrochloride. Referred to Mag. Judge Vanzetta P. McPherson (ws) (Entered: 03/18/2003) |
| 03/25/2003 | 267 | ORDER as to Cedric Howard denying [265-1] opposition response as to Cedric Howard (3) that the construes as a Motion for Reconsideration of the Order entered on 2/25/03 ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, DK, EL (ws) (Entered: 03/26/2003) |
| 03/25/2003 | 268 | ORDER as to Cedric Howard that within 10 days of service of this order on the USA, the government shall file a supplemental answer which states the government's position regarding whether or not the government contends that defendant's sentence was enhanced based upon a prior felony conviction and if so, state the conviction. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: Defendant, Copies furnished to: USA, DK, EL (ws) (Entered: 03/26/2003) |
| 03/31/2003 | 269 | REPLY to the Government's RESPONSE to court order issued 2/25/03 by Cedric Howard . Referred to Judge McPherson/Ame Anderson (ekl) (Entered: 04/03/2003) |
| 04/04/2003 | 270 | RESPONSE by USA to Court Order Issued 3/25/03 as to Cedric Howard re [219-1] motion to Vacate under 28 U.S.C. 2255 referred to Mag Judge Vanzetta P. McPherson (ws) (Entered: 04/07/2003) |
| 04/22/2003 | 271 | RESPONSE by Cedric Howard to Government's [270-1] motion response to Court Order Issued 3/25/03 (referred to Mag. Judge McPherson) (ws) (Entered: 04/23/2003) |
| 05/19/2003 | 272 | REQUEST (MOTION) by Cedric Howard for Status Report on Order of Magistrate Judge on 3/25/03, the Government's Response and Petitioners |

| | | Objections [272-1] referred to Mag Judge Vanzetta P. McPherson (ws) (Entered: 05/20/2003) |
|---|---|---|
| 05/23/2003 | 273 | ORDER as to Cedric Howard granting [272-1] motion for Status Report on Order of Magistrate Judge on 3/25/03, as to Cedric Howard (3). Defendant is advised that no ruling has been entered on the sentencing issue referenced in the 3/25/03 order ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 05/23/2003) |
| 05/30/2003 | 274 | MOTION by Cedric Howard for Summary Judgment (with Exhibits A,B*,B,C attached) [274-1] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 06/04/2003) |
| 10/07/2003 | | **Reset last document number to 274 (jct) (Entered: 10/07/2003) |
| 11/03/2003 | 275 | MOTION by Cedric Howard for Appointment of Counsel [275-1] referred to Mag Judge Vanzetta P. McPherson (ws) (Entered: 11/04/2003) |
| 11/18/2003 | 276 | ORDER as to Cedric Howard denying [275-1] request (construed by the court as a motion for Appointment of Counsel) as to Cedric Howard (3) ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 11/19/2003) |
| 11/18/2003 | 277 | ORDER that such portion of the order entered herein on 1-29-01 which relies on US v. Sheppard, 235 F.3d 1295 (11th Cir. 2000) is hereby VACATED as Shepard was abrogated by U.S. v. Sanchez, 269 F.3d 1250 (11th Cir. 2001) as to Cedric Howard ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: defendant, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 11/19/2003) |
| 11/19/2003 | 278 | REPORT AND RECOMMENDATIONS of Mag Judge Vanzetta P. McPherson as to Cedric Howard that defendant's objection to the Recommendations previously entered be overruled; that the Recommendations filed on 11/8/02 and 1/31/03 be adopted; that the 2255 motion filed by defendant be DENIED; Re: [219-1] motion to Vacate under 28 U.S.C. 2255 ; Motion no longer referred to R and R due by 12/2/03 Copies mailed to: Deft, Copies furnished to: USA, EL (ws) (Entered: 11/20/2003) |
| 12/03/2003 | 279 | Petitioner's RESP0NSE to court order issued 11-18-03 by Cedric Howard. Referred to Magistrate Judge McPherson. (ekl) (Entered: 12/03/2003) |
| 12/03/2003 | 280 | Petitioner's RESPONSE by Cedric Howard to the Second Supplemental Recommendation of the Magistrate Judge(doc.278) re [219-1] motion to Vacate under 28 U.S.C. 2255. Referred to Magistrate Judge McPherson. (ekl) (Entered: 12/03/2003) |
| 01/13/2004 | 281 | ORDER as to Cedric Howard adopting the Recommendation, the Supplemental Recommendation, and the Second Supplemental Recommendation of the Magistrate Judge, and denying [274-1] motion for |

| | | Summary Judgment (with Exhibits A,B*,B,C attached) as to Cedric Howard (3), denying [219-1] motion to Vacate under 28 U.S.C. 2255 as to Cedric Howard (3) ( Signed by Judge W. H. Albritton III ) Copies mailed to: deft, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 01/13/2004) |
|---|---|---|
| 01/13/2004 | 282 | FINAL JUDGMENT is entered in favor of the USA and against defendant/petitioner in accordance with the order entered in this case on this day as to Cedric Howard ( Signed by Judge W. H. Albritton III ) Copies mailed to: deft, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 01/13/2004) |
| 03/12/2004 | 283 | NOTICE OF APPEAL by Cedric Howard to U.S. Circuit Court of Appeals, 11th Circuit, from this Court's decision dated January 13, 2004, concerning Movant's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. 2255. Copies mailed to: dft, USCA, Copies furnished to: USA (ydw) (Entered: 03/17/2004) |
| 03/12/2004 | 283 | MOTION (Request) by Cedric Howard for Certificate of Appealability [283-1] referred to Judge W. H. Albritton III (ydw) (Entered: 03/17/2004) |
| 03/12/2004 | 284 | MOTION by Cedric Howard to Proceed on Appeal in Forma Pauperis (w/Attachment) (w/Attachment) [284-1] referred to Judge W. H. Albritton III (ydw) (Entered: 03/17/2004) |
| 03/12/2004 | | Notice of appeal and certified copy of docket, Judgments/Orders, and Magistrate Judge recommendations as to Cedric Howard sent to USCA (11th Circuit): [283-1] appeal (ydw) (Entered: 03/17/2004) |
| 03/26/2004 | | USCA Case Number Re: [283-1] appeal by Cedric Howard USCA NUMBER: 04-11311-D (ydw) (Entered: 03/30/2004) |
| 03/31/2004 | | Received Transcript Order Information Sheet from Cedric pro se dft. with following notation: "All nessary Transcript(s) on file"; Pre-Trial Proceedings Mag. Judge McPherson, Lewis Wimberley C/R., Trial March 16, 1998, March 17, 1998, March 18, 1998; Sentence August 23, 1998, Oral Arguments August 23, 1999; Copy to Court Reporters. (ydw) (Entered: 04/01/2004) |
| 04/16/2004 | ⊙285 | ORDER denying 283 Motion as to Cedric Howard(3)for Certificate of Appealability ; denying [284] Motion as to Cedric Howard(3) to Proceed In Forma Pauperis. Signed by Judge W. Harold Albritton III on 4/16/04. (ydw, ) (Entered: 04/16/2004) |
| 05/20/2004 | ⊙ | Request for Original Papers By USCA Eleventh Circuit, re: 04-11311-D,283 Appeal by Cedric Howard. No PDF document attached (ydw, ) (Entered: 06/01/2004) |
| 06/01/2004 | ⊙ | Original Papers Transmitted to USCA, re: 04-11311-D, 283 Appeal by Cedric Howard. No PDF document attached (ydw, ) (Entered: 06/01/2004) |

| 07/19/2004 | 🔾 | Acknowledgement of Receipt of Original Papers from USCA re 04-11311-D, <u>283</u> Notice of Appeal - Final Judgment. There is no pdf document with this entry. (ydw, ) (Entered: 07/20/2004) |
| 07/29/2004 | 🔾 | Request for Original Papers (Two Binder of Transcript) By USCA Eleventh Circuit re 04-11311-D, <u>283</u>; Two Binder of Transcript transmitted to USCA 8/5/04. There is no pdf document with this entry (ydw, ) Modified on 8/16/2004 (ydw, ). (Entered: 08/05/2004) |
| 08/13/2004 | 🔾 | Acknowledgement of Receipt of Original Papers (Two Binder of Transcripts) from USCA re 04-11311-D, <u>283</u> Notice of Appeal - Final Judgment. There is no pdf document with this entry. (ydw, ) (Entered: 08/16/2004) |
| 09/10/2004 | 🔾<u>286</u> | ORDER of USCA issued in lieu of MANDATE as to Cedric Howard re 04-11311-D, <u>283</u> Notice of Appeal - Final Judgment; that to merit a certificate of appealability, appellant must show that reasonable jurists would find debatable either (1) the merits of a constitutional claim or (2) both the merits of an underlying claim and the procedural issues he seeks to raise with respect to that claim. Appellant has failed to satisfy either test set forth above. Accordingly, appellant's motion for a certificate of appealability is DENIED. Appellant's motion for leave to proceed on appeal in forma pauperis is DENIED as moot./s/ William H. Pryor, UNITED STATES CIRCUIT JUDGE (ydw, ) (Entered: 09/14/2004) |
| 09/10/2004 | 🔾 | Original Papers (two volumes of Original paper, two binder w/transcripts) Received from USCA 9/10/04. There is no pdf document with this entry (ydw, ) (Entered: 09/14/2004) |
| 09/10/2004 | | ***Appeal Terminated as to Cedric Howard re 04-11311-D, <u>283</u> Notice of Appeal - Final Judgment, filed by Cedric Howard. There is no pdf document with this entry (ydw, ) (Entered: 09/14/2004) |
| 10/20/2004 | 🔾<u>287</u> | ORDER of USCA as to Cedric Howard re <u>283</u> Notice of Appeal - Final Judgment, that Appellant has filed a motion for reconsideration of this Court's order dated September 9, 2004, denying appellant's motions for a certificate of appealability and in forma pauperis status. Upon reconsideration, appellant's motion for a certificate of appealability is DENIED because appellant has failed to make the requisite showing. Appellant's motionf or leave to proceed on appeal in forma pauperis is DENIED as moot. Before ANDERSON and PRYOR, Circuit Judges. BY THE COURT: (ydw) (Entered: 10/21/2004) |
| 04/05/2006 | 🔾<u>288</u> | OBJECTION (Pro Se) to Presentence Investigation Report filed by Cedric Howard (ws) (Entered: 04/07/2006) |
| 04/07/2006 | 🔾<u>289</u> | MOTION (Pro Se) for Relief from Judgment Pursuant to Rule 60(b)(6) by Cedric Howard. (ws ) (Entered: 04/07/2006) |
| 11/17/2006 | 🔾 | Terminated Objections Deadlines re 2255 Motion as to Cedric Howard pursuant to 1/13/04 order <u>281</u> (snc, ) (Entered: 11/17/2006) |

AO 245B (Rev. ● Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Middle District of Alabama

UNITED STATES OF AMERICA  14 A 10: 03  **JUDGMENT IN A CRIMINAL CASE**

v.

(For Offenses Committed On or After November 1, 1987)

**CEDRIC HOWARD**  THOMAS C. CAVER, CLK  Case Number: **2:97CR00210-003**
DISTRICT COURT
MIDDLE DISTRICT ALA

Robert F. Clark (Edward C. Blount standing in)

**THE DEFENDANT:**

~~FILED~~  Defendant's Attorney

2:07-CV-354-WHA

| | |
|---|---|
| ☐ | pleaded guilty to count(s) _____ |
| ☐ | pleaded nolo contendere to count(s) _____ which was accepted by the court. |
| ☒ | was found guilty on count(s) 1,4,5,6,7 after a plea of not guilty. |

~~AUG 1 4 1998~~

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Cocaine Hydrochloride and Cocaine Base | 09/19/1997 | 1 |
| 21 U.S.C. § 841 (a)(1) | Distribution of Cocaine Base | 05/21/1997 | 4 |
| 21 U.S.C. § 841 (a)(1) | Possession with Intent to Distribute Cocaine Hydrochloride | 08/07/1997 | 5 |
| 21 U.S.C. § 841 (a)(1) | Possession with Intent to Distribute Cocaine Base | 08/07/1997 | 6 |

See Additional Counts of Conviction - Sheet 1.01

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

| | |
|---|---|
| ☐ | The defendant has been found not guilty on count(s) _____ |
| ☐ | Count(s) _____ (is)(are) dismissed on the motion of the United States. |

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**

Defendant's Date of Birth: **09/27/1963**

Defendant's USM No.: **10092-002**

Defendant's Residence Address:

**1744 Ashcreek Road**

_____

**Hayneville**          **AL**    **36040**

_____

Defendant's Mailing Address:

**1744 Ashcreek Road**

_____

**Hayneville**          **AL**    **36040**

_____

**08/04/1998**
_____
Date of Imposition of Judgment

_Signature of Judicial Officer_

**EMMETT R. COX**

**UNITED STATES CIRCUIT JUDGE**

Name & Title of Judicial Officer

Aug. 13, 1998
_____
Date

EOD ← 8-14-98

AO 245B (Rev. 3/.  heet 1 - Judgment in a Criminal Case

DEFENDANT: **CEDRIC HOWARD**
CASE NUMBER: **2:97CR00210-003**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841 (a)(1) | Possession with Intent to Distribute Marijuana | 08/07/1997 | 7 |

DEFENDANT:       **CEDRIC HOWARD**
CASE NUMBER:     **2:97CR00210-003**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    **264     month(s)**      .

**This term consists of terms of 264 MONTHS on Counts 1,4, and 6; 240 MONTHS on Count 5; and 60 MONTHS on Count 7, all such terms to be served concurrently.**

☒ The court makes the following recommendations to the Bureau of Prisons:

   **The court recommends that the defendant be designated to a facility where drug counseling is available.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m./p.m.  on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:        CEDRIC HOWARD
CASE NUMBER:    2:97CR00210-003

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____5_____ year(s) .

**This term consists of terms of FIVE (5) YEARS on each of Counts 1 and 6; FOUR (4) YEARS on Count 4; and THREE (3) YEARS on each of Counts 5 and 7, all such terms to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Sheet    3.01**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

DEFENDANT:        **CEDRIC HOWARD**
CASE NUMBER:      **2:97CR00210-003**

# SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall participate in a substance abuse treatment program as directed by the probation officer.  Further, the defendant shall contribute to the costs of any treatment in an amount to be determined by the probation officer based on ability to pay and on availability of third party payments.**

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page ___4___ of ___6___

DEFENDANT:      **CEDRIC HOWARD**

CASE NUMBER:    **2:97CR00210-003**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $    500.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .  $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ 0.00 .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

|  | Totals: | $ _____ | $ _____ |
|---|---|---|---|

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT:        CEDRIC HOWARD
CASE NUMBER:      2:97CR00210-003

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The    Clerk    will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The special assessment of $500.00, consisting of special assessments of $100.00 on each count, shall be made to the U.S. District Court Clerk for the Middle District of Alabama, P.O. Box 711, Montgomery, AL 36101.**

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.

AO 245B (Rev. 3/95) Sheet 6 - Statement of Reasons

Judgment-Page ___ of ___ 6

DEFENDANT: **CEDRIC HOWARD**

CASE NUMBER: **2:97CR00210-003**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**The court finds that the defendant is responsible for not less than 500 grams of cocaine base as opposed to**

**See Additional Factual Findings and Guideline Application Exceptions - Sheet 6.01**

**Guideline Range Determined by the Court:**

Total Offense Level: _____ **36** _____

Criminal History Category: _____ **III** _____

Imprisonment Range: _____ **235** _____ to _____ **293** _____ months

Supervised Release Range: _____ **5** _____ to _____ **5** _____ years

Fine Range: $ _____ **20,000.00** _____ to $ _____ **11,250,000.00** _____

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____ **0.00** _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**Based on the seriousness of the offense and the defendant's extensive prior criminal history.**

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

DEFENDANT:     CEDRIC HOWARD
CASE NUMBER:    2:97CR00210-003


# ADDITIONAL FACTUAL FINDINGS AND GUIDELINE APPLICATION EXCEPTIONS

**5,460 grams.**

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAN 1 3 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA            )

vs.                                 )        CR. NO. 97-210-N
                                             (Civil Action No. 00-A-1193-N)
CEDRIC HOWARD                       )

## ORDER

This case is before the court on the Recommendation of the Magistrate Judge entered on

November 8, 2002, the Supplemental Recommendation entered on January 31, 2003, the Second

Supplemental Recommendation of the Magistrate Judge entered on November 19, 2003, together

with Defendant's objections thereto.

In this § 2255 motion pending before the court, Defendant Howard argued that he was the

victim of ineffective assistance of counsel. The Magistrate Judge found otherwise, and, for the

reasons stated in the Magistrate Judge's Recommendation, the court finds the Defendant's

objections in that regard to be without merit, and they are hereby overruled.

Defendant Howard also argues that his conviction upon a general verdict for a conspiracy

involving multiple controlled substances, i.e., cocaine powder and cocaine base ("crack"),

required this court to impose a sentence which assumed his offense involved only the drug

yielding the lower sentence.[1] Specifically, Howard alleges that the 264-month sentence imposed

---

[1]The indictment charged Howard with conspiracy to distribute cocain hydrochloride and
cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count I), distribution of
18 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count IV), possession with intent
to distribute 29.0 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (Count
V), possession with intent to distribute 238.1 grams of cocaine base in violation of 21 U.S.C. §
841(a)(1) (Count VI), and possession with intent to distribute 745.4 grams of marijuana in
violation of 21 U.S.C. § 841(a)(1) (Count VII). After a jury trial, Howard was convicted on each

281

upon him for the conspiracy conviction exceeds "[t]he statutory maximum sentence [of 240 months] allowed by the amount of cocaine attributed to movant . . ." 28 U.S.C. § 2255 *Motion to Vacate* at 6. He further argues that any failure to previously raise this claim was "because of ineffective assistance of counsel." *Id.*

On November 19, 2003, a Second Supplemental Recommendation was entered which more adequately addressed "the defendant's challenge to the sentence imposed upon him for the conspiracy conviction and the related allegation that counsel was ineffective in failing to an object to this sentence." Second Supplemental Recommendation at 3. In this Recommendation, the Magistrate Judge determined that, based upon the Defendant's conviction on an underlying substantive offense for possession with intent to distribution 238.1 grams of cocaine base, Howard was properly sentenced on the conspiracy conviction. *Second Supplemental Recommendation* at 6-8. Additionally, the Magistrate Judge observed that each of the cases cited by Howard in support of his improper sentence claim was distinguishable from this case. *Id.* at 7, n.3. Specifically, it was noted that although these cases involved general verdict convictions for conspiracies entailing multiple controlled substances, they did not include convictions on underlying substantive offenses wherein specific drug quantities, quantities which exceeded the amount necessary for a sentence beyond the statutory maximum allowed by the drug yielding the lower sentence on the general conspiracy verdict, were alleged in the indictment and determined beyond a reasonable doubt by the trier of fact.

---

of the aforementioned counts. The court sentenced Howard to a term of 264 months imprisonment on Counts I, IV and VI, 240 months on Count V, and 60 months on Count VII. *See Court Doc. No. 147 - Judgment in a Criminal Case.* These sentences were ordered to run concurrently. *Id.*

2

On December 3, 2003, Howard filed a response and objections to the Second

Supplemental Recommendation in which he concedes that "the maximum sentence for . . .

conspiracy to distribute 238.1 grams of crack would be life" but argues that because the

"conspiracy count offered no drug quantities" he should have been sentenced for a marijuana-

only conspiracy as this controlled substance carried the lowest statutory maximum penalty.[2]

*Howard's Response to Second Supplemental Recommendation* at 3 (footnote omitted).  Howard

continues to cite cases in which appellate courts have addressed the sentencing problem that

arises where a defendant is indicted for a conspiracy of multiple controlled substances, there is no

specific verdict as to any substance charged in the conspiracy count, and the maximum sentences

for unspecified amounts of each charged substance differ.[3]  Under the aforementioned

circumstances, a district court must sentence a defendant as if he conspired to distribute only the

controlled substance carrying the shortest statutory maximum sentence.  However, these cases

are inapplicable to the instant case because Howard was convicted on substantive underlying

---

[2]In his response/objections, Howard maintains that marijuana was listed in the conspiracy count of the indictment (Count I) and that this controlled substance therefore constitutes the drug authorizing the lowest statutory penalty applicable to his conspiracy conviction, i.e., 5 years imprisonment.  However, it is clear from all of the previous documents filed by the Defendant and the indictment entered in this case that Count I did not reference marijuana and charged Howard with conspiracy to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

[3]This is known as the *Dale-Rhynes* issue.  *See United States v. Dale*, 178 F.3d 429 (6th Cir. 1999) (Defendant convicted on a general verdict of conspiracy to distribute both crack and marijuana under a single count indictment charging the conspiracy was improperly sentenced based on a quantity of crack where the sentenced exceeded the maximum sentence for conspiracy to distribute marijuana); *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999) (In the absence of a special verdict, defendants charged with and convicted of only conspiracy to possess with intent to distribute cocaine, crack, heroin and marijuana could not be sentenced beyond the maximum sentence for the least serious of the four alleged controlled substances, i.e., marijuana.)

offenses which involved both cocaine hydrochloride and crack, where the specific amounts of crack attributed to Howard by the jury totaled 256.1 grams. Consequently, with respect to the specific verdicts entered on Counts IV and VI of the indictment, the amount of crack "involved with the substantive offenses committed by Howard in furtherance of the conspiracy and found beyond a reasonable doubt by the jury far exceeds the fifty-gram threshold necessary for application of the enhanced penalties referenced in 21 U.S.C. § 841(b)(1)(A)(iii)." *Second Supplemental Recommendation* at 7-8. The Defendant's reliance on those cases premised upon the reasoning set forth in *Dale-Rhynes* is, therefore, misplaced.[4]

For the foregoing reasons, the court finds Howard's objections in regard to his sentencing to be without merit, and they are hereby overruled.

Upon an independent evaluation, and *de novo* review of this case, the court adopts the Recommendation, the Supplemental Recommendation, and the Second Supplemental Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1. Defendant Howard's Motion for Summary Judgment (Doc. #274) IS DENIED.

2. The 28 U.S.C. § 2255 motion filed by Cedric Howard is DENIED.

---

[4]In response to the Magistrate Judge distinguishing the facts of this case from those cases cited in his pleadings, Howard argues that *United States v. Allen*, 302 F.3d 1260 (11th Cir. 2002) "is similar to the case at hand" because "a . . . multi-drug conspiracy was charged in the indictment in addition to several underlying substantive counts." *Howard's Response to the Second Supplemental Recommendation* at 4. However, a thorough review of the Eleventh Circuit's opinion establishes that the indictment issued in *Allen* on the three substantive offenses underlying the conspiracy "did not allege any specific quantity of the controlled substance" and no finding was made by the jury with respect to the quantities involved in the underlying offenses. 302 F.3d at 1268. It is, therefore, clear that this omission of drug amounts distinguishes *Allen* from the present case.

DONE this 13* day of January, 2004.

W. HAROLD ALBRITTON
CHIEF UNITED STATES DISTRICT JUDGE

**FILED**

JAN 1 3 2004

**CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA     )

vs.     )     CR. NO. 97-210-N
     (Civil Action No. 00-A-1193-N)

CEDRIC HOWARD     )

2:07-cv-354 WHA

## FINAL JUDGMENT

In accordance with the order entered in this case on this day,

FINAL JUDGMENT is entered in favor of the United States of America and against

Defendant/Petitioner Cedric Howard.

DONE this _____ day of January, 2004.

W. HAROLD ALBRITTON
CHIEF UNITED STATES DISTRICT JUDGE

282