IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC HOWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 2:07cv354-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Motion for Reconsideration of Sentencing Court Decision at Sentencing Hearing*," filed by federal inmate Cedric Howard ("Howard") on April 18, 2007 (Doc. No. 1).[1]  By his motion, Howard challenges his 1998 convictions and sentence for conspiring to distribute and possessing with intent to distribute cocaine hydrochloride, cocaine base, and marijuana.  For the reasons now discussed, the court concludes that Howard is entitled to no relief.

**I. DISCUSSION**

Howard contends that (1) the district court sentenced him "under a mistaken perception of the requirements of law" concerning drug amounts and relevant conduct, and (2) his sentence pursuant to mandatory sentencing guidelines prior to the decision in *United*

---

[1] Although Howard's motion is date-stamped "received" on April 26, 2007, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, April 18, 2007, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

States v. Booker, 543 U.S. 220 (2005),[2] constituted a sentence "imposed without an understanding of sentencing law as subsequently explained by the Supreme Court." (Doc. No. 1 at 2-3.)

Howard's claims challenge the fundamental legality of his sentence. Consequently, he seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Therefore, regardless of Howard's own labeling of the instant motion, this court finds that his motion is of the same legal effect as, and should be construed as a *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*. *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

This is the second § 2255 motion filed by Howard attacking his 1998 convictions and sentence. Howard's first § 2255 motion was filed on August 30, 2000. *See United States v. Howard*, Case No. 2:97cr210-WHA (Civil Action No. 2:001193-WHA) - Doc. No. 219. On January 13, 2004, this court denied that motion, deciding all claims adversely to Howard. *Id.*, *Order of District Court* - Doc. No. 281 (adopting *Recommendation*, *Supplemental*

---

[2]In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. *See* 543 U.S. at 231-45. As a remedy in *Booker*, the Court rendered the Federal Sentencing Guidelines "effectively advisory." *Id*. at 259.

*Recommendation*, and *Second Supplemental Recommendation of Magistrate Judge* - Docs. No. 258, 262, and 278).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[3] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Howard has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003);

---

[3]As indicated above, one of Howard's claims is premised on the applicability of *United States v. Booker*, 543 U.S. 220 (2005), to his sentence. However, the Eleventh Circuit Court of Appeals has held that *Booker* does not apply retroactively to collateral proceedings. *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). Thus, in addition to the "successive motion" bar on which this Recommendation is based, Howard cannot prevail on the merits of his *Booker* claim.

*Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Howard's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Howard on April 18, 2007 (Doc. No. 1), be denied and this case dismissed, as Howard has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **May 14, 2007**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 1st day of May, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE